UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PANERA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:16-cv-1181-JAR |
| | ) |
| MICHAEL R. NETTLES and | ) |
| PAPA JOHN'S INTERNATIONAL, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## TEMPORARY RESTRAINING ORDER

Upon Consideration of Plaintiff's Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, supporting Memorandum of Law, the affidavits filed therewith, Defendants' Oppositions thereto and supporting affidavits filed therewith, and a full hearing on the matter that occurred on July 27, 2016, and for the reasons set forth in the Court's Memorandum and Order filed this day, the Court hereby orders:

(1) That Defendant Michael Nettles ("Nettles") shall immediately cease and desist, and is hereby enjoined from either directly or indirectly acting on behalf of, advising, consulting, or working for Papa John's International, Inc., together with any related affiliates or subsidiaries (collectively "Papa John's"), and shall remain enjoined from working for Papa John's until further order;

(2) That Papa John's shall immediately cease and desist, and is hereby enjoined from either directly or indirectly seeking advice from, consulting with, employing or permitting Nettles to provide services to Papa John's, and shall remain enjoined from working for Papa John's until further order;

(3) Based on the stipulation and agreement of Panera, Nettles, and Papa John's, the hearing on Plaintiff's request for preliminary injunctive relief shall be combined with Plaintiff's request for permanent injunctive relief and a full trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2);

(4) The parties will submit **within three (3) business days** a proposed joint schedule setting that hearing for the earliest possible time, including setting proposed deadlines allowing the completion of expedited discovery and full briefing to occur in advance of the hearing.  In the event the parties are unable to agree to a proposed joint schedule, they shall file their proposed case management order by the deadline provided above;

(5) That the parties shall retain, **within two (2) business days**, a mutually agreed-upon third party forensic expert to conduct the inspection of Nettles' personal devices pursuant to an agreed-upon protocol for inspection, and Nettles shall turn over to the third party for inspection his personal laptop, and any other devices used at any time to store confidential Panera information, **within 24 hours of the selection of a third party**;

(6) That Nettles shall be enjoined from seeking, acquiring, using, or disclosing any of Panera's trade secrets or confidential information;

(7) That Papa John's shall be enjoined from seeking, acquiring, using, or disclosing any of Panera's trade secrets or confidential information that Nettles acquired in the course of, or arising out of, his employment with Panera;

(8) That Nettles shall preserve all documents and information that he acquired or took from Panera;

(9) That Nettles shall, **within 24 hours**, turn over to Panera all hard-copy documents in his possession that he acquired or took from Panera;

(10) That Papa John's shall, **within 24 hours**, turn over to Panera all hard-copy documents in its possession containing information relating to Panera that it received from Nettles;

(11) That Nettles shall be enjoined from breaching the non-solicitation provision under section 6.3 of the Confidential and Proprietary Information and Non-Competition Agreement he signed on July 24, 2013;

(12) That Plaintiff and Defendants shall each pay fifty percent (50%) of the reasonable costs associated with the forensic review of Nettles' personal devices that he turns over to a mutually agreed-upon third party, subject to reallocation by the Court at a later date;

(13) This Order becomes effective upon Plaintiff's posting a security bond that the Court finds to be reasonable and necessary in the amount of $200,000 pursuant to Fed. R. Civ. P. 65(c);

(14) Pursuant to Fed. R. Civ. P. 65(b)(2), this Order shall remain in effect until the next hearing on this matter, which the Court hereby sets for **August 16, 2016, at 12:00 noon** in the courtroom of the undersigned, subject to extension upon a showing of good cause or upon the consent of Defendants.

**IT IS SO ORDERED.**

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2016.